**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                            No. 17-20830

DEONNE DOTSON,

    Defendant.
                                       /

**ORDER DENYING DEFENDANT'S "MOTION FOR REASSIGNMENT"**

Pending before the court is Defendant's motion for disqualification.[1] (ECF No. 30.) The court held oral argument for this motion on April 25, 2019, and a continuation of the motion hearing was held on May 6, 2019. In the written motion, Defendant requests that the undersigned judge disqualify himself based on what Defendant asserts is "an avowed position" of this court in this case, communicated to Defendant through his former attorney, Mr. Fishman, "that the computed guideline range is barely, minimally sufficient and that, if sentence were being imposed following a guilty verdict, [the court] would depart upward to five (5) years." (*Id.* at PageID 143.) Defendant further asserts that the court allowed the Government to obtain portions of a sealed sentencing transcript of another defendant, "to be utilized in a foreboding manner" in attempts to force Defendant to accept a plea agreement. (*Id.*) Defendant argues that the court's decision to unseal the sentencing transcript amounted to an act of judicial coercion in

---

[1] Motions for "reassignment," and Defendant's cited authorities, pertain to reassignment for cases on remand pursuant to 28 U.S.C. § 2106. The outcome that Defendant requests—transferring this case to another judge before trial—is accomplished through a motion for disqualification.

violation of Rule 11 and infringed upon Defendant's Fifth Amendment Right to the presumption of innocence. Defendant's oral argument centered as well on this alleged Rule 11 violation. Defendant argued, paradoxically, that the court did not consciously involve itself in plea negotiations by unsealing the sentencing transcript but, at the same time, implicitly knew that unsealing the transcript would be used to influence Defendant's plea. The court's act of unsealing the transcript, Defendant contends, necessitates disqualification to avoid an "unacceptable risk and perception of partiality" and to "maintain the appearance of justice." (*Id.* at 147.) The court will deny the motion.

Motions for disqualification are governed under 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003)). Therefore, it is not an abuse of discretion to deny a motion to disqualify where, as here, the motion "is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench." *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. Unites States*, 510 U.S. 540, 555 (1994). An objective standard governs whether a judge must disqualify. *See United States v. Sammons*, 918

F.2d 592, 599 (6th Cir. 1990) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990), *cert. denied*, 498 U.S. 980 (1990)). A judge must disqualify when an objective, reasonable person who "knowing all of the circumstances, would have questioned the judge's impartiality" but a judge need not disqualify, "based on the 'subjective view of a party' no matter how strongly that view is held." *Sammons,* 918 F.2d at 599 (*quoting Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert. denied*, 488 U.S. 1018 (1989)).

Defendant takes pains to assert no suggestion that this court is biased in fact, but rather argues generally that "circumstances presented when applied to the policies and constitutional concerns, mandate reassignment." (ECF No. 30, PageID 147.) This does not identify or analyze an appropriate legal standard for disqualification. Defendant makes no argument that the court holds some deep-seated bias that would make rendering an impartial judgment impossible; indeed, quite the opposite as noted above.

Instead, Defendant supports his motion with a purported belief that the court will impose a five-year sentence should Defendant be found guilty at trial, a belief, he claims, that stems from the court's comments in a sentencing hearing in a different (albeit related) case in which the court was speaking to another defendant concerning the facts and circumstances of that other case.

Defendant tries to deflect responsibility for accusing the court of actual bias, while at the same time phrasing his factual statements with provocative grammar such as the assertion that the court allowed the Government to obtain the sentencing transcript "to be utilized in a foreboding manner." Does the Defendant thereby identify the court's intent to forebode, or the government's?

3

In either event, it is clear from a review of the sentencing transcript at issue that the court was admonishing a defendant who was receiving a very favorable 5(k)1.1 sentence and explaining that a sentence could well have been more punitive in the absence of his truthful cooperation. The court's comments in that case highlighted "the nature and circumstances of the offense," 18 U.S. Code § 3553(a)(1), and "the need for the sentence imposed to reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A).

Every sentencing is and must be unique, personally administered, and tailored to the facts of that defendant's situation. Comments rendered and explained to a defendant in one case may—or may not—apply in another case even if there are similarities in the statute governing the conviction. Things said by a judge in articulating the sentence are best understood as providing the judge's thinking *in that case*. Even if they are taken correctly as the judge's thinking about similar cases, they are not the kind of extra-judicial statements that could qualify as potentially disqualifying. As explained, neither Defendant's subjective beliefs, nor the court's statements and rulings, require disqualification. *See Liteky*, 510 U.S. at 555; *Sammons*, 918 F.2d at 599.

Additionally, disqualification is not properly grounded on Defendant's allegation that the court participated in plea negotiations. Defendant asserts that the court participated in plea negotiations by agreeing with the Government's motion to unseal a sentencing transcript in the earlier related case. At argument, counsel for Defendant, Mr. Halpern, stated that Defendant's former counsel, Mr. Fishman, informed the Defendant of the sealed transcript and that the Government had "approached" the court to obtain an order to unseal it. According to Mr. Halpern, once the court signed the order

4

to unseal the transcript, it had *ipso facto* inserted itself into plea negotiations and committed a violation of Rule 11. The court is left to wonder at Mr. Halpern's simultaneous arguments in this regard: he states with firm assurance that the court became "involved" only unwittingly and at the behest of the Government, while also arguing that an evidentiary hearing is needed to determine what the parties' understood the court's intention to be in signing the order to unseal. Such a collateral proceeding is not necessary.

Even if the Government in fact used portions of the formerly sealed transcript as part of its approach to plea negotiations, the court's signature on an order to unseal it is too far attenuated to constitute the type of direct judicial involvement in plea negotiations prohibited by Rule 11. *Compare*, *United States v. Davila*, 569 U.S. 597, 600 (2013) (judge's overt comment that guilty plea would be the defendant's "best course" is improper judicial involvement).

In the transcript at issue, the court did not acknowledge the Defendant, made no comments about him, did not discuss the facts of his case, and did not refer to his personal characteristics. Mr. Halpern's attempt to ascribe coercive effect or intent to the court's largely administrative action of unsealing a sentencing transcript is predicated on a collection of speculative assumptions that have no basis in fact.

In the related case, the Government filed a motion to unseal and then reseal the transcript. The motion did not describe how the Government intended to use the requested transcripts apart from its desire to share them with Defendant's attorney. Defendant, in briefs and arguments, asserts that the Government had "approached" the court, and seems to intimate impropriety in so doing; the fact, however, is that the

Government did not engage in any *ex parte* discussions with the court concerning its intended use of the sealed materials, or anything else, for that matter.

There exists no requirement known to the court that Government counsel provide such background information to the court, although often it does. The court retains broad authority to order materials filed under seal in ongoing cases, and an equal authority to unseal what had been earlier sealed. Fed. R. Crim. P. 49.1

Here, the court granted the Government's motion to unseal without comment, as it does with virtually all similarly administrative motions. The court's order to unseal the transcript simply is not the type of judicial conduct prohibited by Rule 11.

In both his written presentation and during oral argument, Defendant posits his subjective belief that the court involved itself in negotiations as dispositive for purposes of disqualification. Again, this does not express the appropriate legal standard. A violation of Rule 11 is "neither constitutional nor jurisdictional." *United States v. Timmreck*, 441 U.S. 780, 784 (1979). As the Supreme Court explained in *Davila*, Rule 11 is a prophylactic measure warranting vacatur only if, in light of the entire record, the violation prejudiced Defendant:

> Rather than automatically vacating Davila's guilty plea because of the Rule 11(c)(1) violation, the Court of Appeals should have considered whether it was reasonably probable that, but for the Magistrate Judge's exhortations, Davila would have exercised his right to go to trial. In answering that question, the Magistrate Judge's comments should be assessed, not in isolation, but in light of the full record.

*Davila*, 569 U.S. at 612.

The fact that Defendant has continually rejected plea offers demonstrates that Defendant has neither been coerced into accepting a plea or prejudiced thereby. In point of fact, the court has repeatedly informed Defendant, and

Defendant has, on the record, acknowledged that the choice to proceed to trial is his alone to make. The exchange between the court and Defendant during the status conference held on March 14, 2018, illustrates that Defendant understands that he alone decides whether to plead or proceed to trial:

> THE COURT: Mr. Dotson, I want to address you as well to make sure you understand, you're confident you understand the differences here, the distinction between entering a truthful plea of guilty, if you're able to do that, and not doing so but going to trial and perhaps being convicted as charged. You understand the differences in the sentencing profile, the sentencing outline that likely would result on the one hand versus the other hand?
>
> THE DEFENDANT: I understand, sir.
> . . .
>
> THE COURT: I want you finally to understand that my discussion with you in this regard, and having this understanding on the record[,] is done so that . . . the record is clear as to, most especially, your understanding, and it is not done as any effort by the judge in this case of urging you to choose one direction versus another. That choice is entirely yours and will remain so permanently. You understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So I'm not telling you, you ought to go to trial, I'm not telling you ought not to. You understand that?
>
> THE DEFENDANT: Yes.

(ECF No.48, PageID 228–29.)

The only times the court has dealt with the topic of plea agreements have been on the record and designed to ensure that Defendant is aware of the terms of any proffered agreement. Such discussions, in open court, are the standard practice of a court trying to ensure that a defendant's decision to accept a plea versus proceeding to trial is voluntarily made and intelligently informed. These discussions are, in this court's view, well within the bounds of Rule 11; indeed, they are often necessary to ensure that

7

a defendant receives adequate legal representation. Fed. R. Crim. P. 11(c)(2) ("The parties must disclose the plea agreement in open court when the plea is offered[.]"); *Lafler v. Cooper*, 566 U.S. 156, 168 (2012).

To summarize: *first*, comments by the court on the status of another defendant in another case, even though similar to the instant case, are not an extrajudicial source of information capable of giving rise to a legitimate claim of the existence or appearance of disqualifying bias; *second*, the court's signature on an order to unseal does not amount to judicial involvement in plea negotiations. And, *third*, the Defendant, clearly intent upon proceeding to trial, has not been prejudiced by any of the actions Defendant claims amount to judicial coercion.

Defendant's presentation, based on cobbled- together, inapplicable legal standards, and tendentiously argued, does not express any legally sufficient basis for recusal.

As surely as a judicial officer has a duty to recuse when extrajudicial biases prevent—or appear to prevent—impartial decision making, so too does a judicial officer in a case that was properly assigned and is being fairly administered, have a duty to remain, and thereby to restrain what may appear to be judge-shopping.

Accordingly,

IT IS ORDERED that Defendant's "Motion for Reassignment" (ECF No. 30) is DENIED.

           s/Robert H. Cleland
           ROBERT H. CLELAND
           UNITED STATES DISTRICT JUDGE

Dated: May 7, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 7, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\17-20830.DOTSON.deny.reassignment.4.HEK.RHC.5.docx